UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC FLORES,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENTOF<br>HEALTH AND HUMAN SERVICES,<br>et al.,<br><br>                    Defendants. | NO:  2:14-CV-33-RMP<br><br>ORDER DISMISSING COMPLAINT<br>WITH PREJUDICE |

        Before the Court is pro se Plaintiff Eric Flores's 98-page Federal Tort
Complaint Against Torture, ECF No. 6, and Motion to Transfer to Multidistrict
Litigation, ECF No. 4.  The Court has reviewed the filings and is fully informed.

BACKGROUND

        Plaintiff, a Texas resident, seeks to initiate a class action lawsuit as the
representative of a group of Mexican-Americans whom Plaintiff claims have been
tortured by federal agents using satellites to calculate a genetic code that inflicts
pain and injury on the alleged victims.  ECF No. 6 at 1, 2, 11-12.  Plaintiff has filed

ORDER DISMISSING COMPLAINT WITH PREJUDICE ~ 1

1   similar actions in many other district courts, *see Flores v. U.S. Att'y Gen.*, 2013

2   WL 1786392, at *2 n.1 (D.S.C. Mar. 25, 2013) (citing numerous cases), including

3   within the Ninth Circuit, *see, e.g.*, *Flores v. U.S. Atty. Gen*, 2013 WL 4663053 (D.

4   Hawaii Aug. 29, 2013).

5       Another district court recently summarized Plaintiff's litigation history:

6       The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court. *See Flores v. Holder*, 132 S.Ct. 2397 (2012)

7   (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country

8   have dismissed Flores's complaints as frivolous. *See e.g.*, *Flores v. U.S. Atty. Gen'l*, NO. 2:13–cv0053–DBH, 2013 WL 1122719, [at] *2

9   (D.Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed

10  by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), *report and recommendation*

11  *adopted by* 2013 WL 1122635 (D.Me. Mar. 18, 2013).

12  *Flores v. U.S. Att'y Gen.*, CV 13–00001 SM, 2013 WL 3190573, at *2 (D.N.H.

13  June 20, 2013).

14                       DISCUSSION

15      The Court liberally construes Plaintiff's pleadings because Plaintiff is a pro

16  se litigant. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However,

17  because Plaintiff filed this action in forma pauperis, the Court will dismiss the case

18  if it is "frivolous or malicious," "fails to state a claim on which relief may be

19  granted," or "seeks monetary relief against a defendant who is immune from such

20  relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227. Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) *superseded by statute on other grounds as stated in Lopez*, 203 F.3d 1122.

After reviewing Plaintiff's complaint, the Court finds that Plaintiff has failed to establish that venue is proper in this Court. *See* 28 U.S.C § 1391(b)(2). In addition, the Court finds that Plaintiff's claims lack an arguable basis in fact or in law and are therefore frivolous. The Court notes that Plaintiff's allegations are

similar to those that have been dismissed by federal district courts around the country.  *See Flores*, 2013 WL 4663053, at *2.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's complaint, **ECF No. 6**, is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion to Transfer to Multidistrict Litigation, **ECF No. 4**, is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order, enter judgment accordingly, provide copies to pro se Plaintiff, and **close** this case.

**DATED** this 11th day of February 2014.


          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge

ORDER DISMISSING COMPLAINT WITH PREJUDICE ~ 4